VANCE vs. MARTIN & AL.

Eastern Dist.
May, 1828,

APPEAL from the court of the parish and city of New-Orleans.

MATTHEWS, J. delivered the opinion of the court. This cause was submitted to a jury in the court below, who found a verdict for the defendants, on which judgment was rendered, and the plaintiff appealed.

*If the sure-
ty for the at-
tachment
bond be wan-
ted as a wit-
ness for the
plaintiff, he
has a right to
substitute
another.*

The record contains several bills of exceptions, one of which alone, we deem it necessary to examine, as on that the cause must be remanded. This is the exception taken to the opinion of the judge, by which he refused to permit the plaintiff to substitute Hopkins for Nicholson as surety in the bond given in the attachment (the suit having commenced by that process;) the latter person, it is suggested is a material witness for the plaintiff, and was rendered incompetent, in consequence of his suretyship. At the time the proposal was made to change the surety so as to render Nicholson competent to testify, no absolute and definitive right had been acquired by the defendants, resulting from the obligations imposed by the attachment bond; their right was altogether contingent. and any other solvent per-

VANCE
vs.
MARTIN &
AL.

son ought to have been accepted in place of the witness—See vol. 1, page 185, and the authorities their cited.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be avoided, reversed and annulled, and it is further ordered, adjudged, and decreed, that the cause be remanded for a new trial, with instructions to the judge *a quo* to receive as surety on the attachment bond any good and solvent person, in the place and stead of Nicholson; the appellees to pay the costs of the appeal, and the appellant those of the court below so far as they may have accrued on the former trial.

*Lockett* for the plaintiff, *Peirce* for the defendants.